UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

RODNEY RUTHERFORD,

                        Plaintiff,

     v.                                                 **DECISION AND ORDER**
                                                                    04-CV-764S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

       1.      Plaintiff Rodney Rutherford challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled as defined by the Social Security Act ("the Act"). Plaintiff alleges that he became disabled on May 30, 1997, when he injured his groin and back at work. Plaintiff contends that his injuries have rendered him unable to work since that date. He therefore asserts that he is entitled to payment of disability insurance benefits ("DIB") under the Act.

       2.      Plaintiff filed an application for DIB on October 14, 1998. His application was denied initially and upon reconsideration. At Plaintiff's request, an administrative hearing was held before ALJ Irving Fliegler on December 7, 1999. Plaintiff appeared with counsel at the hearing. ALJ Fliegler considered the case *de novo*, and on March 9, 2000, found that Plaintiff was not under a disability. Upon Plaintiff's request for a review, the Appeals Council agreed to remand this case for further proceedings. Another administrative hearing was held before ALJ Marilyn Zahm on February 20, 2003. On March 17, 2003, ALJ Zahm found that Plaintiff was not under a disability. On July 23, 2004, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on

September 21, 2004, challenging Defendant's final decision.[1]

3.      On May 9, 2005, the Commissioner and Plaintiff each filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. After full briefing, this Court heard oral argument on the Motions on June 23, 2005, and reserved decision at that time.

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

---

[1] The ALJ's March 17, 2003 decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.

may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S.

at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

        9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability (R. at 26);[2] (2) Plaintiff's back disorder is a "severe" impairment based upon the requirements of the regulations (R. at 26); (3) Plaintiff's impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation Number 4 (R. at 26); (4) Plaintiff retained the residual functional capacity to perform sedentary work with a sit/stand option, the use of a walker to ambulate, and limiting his spinal range of motion to 20% forward flexion, 35% right side bending, and 25% left side bending (R. at 26); and (5) Plaintiff is unable to perform his past relevant work (R. at 26).  Considering Plaintiff's status as a younger individual, with a limited education, no transferable skills from his past work, and a residual functional capacity to perform a significant range of sedentary work, the ALJ determined based on the Medical-Vocational Guidelines and the testimony of a vocational expert that there are a number of jobs in the national economy that Plaintiff could perform. (R. at 26-27).  Ultimately, the ALJ determined that Plaintiff was not under a disability, as defined by the Act, at any time

---

[2] Citations to the underlying administrative record are designated as "R."

through the date of her decision, March 17, 2003.  (R. at 27).

       10.    In the instant case, Plaintiff advances a number of challenges to the ALJ's decision, one of which is persuasive.  Plaintiff argues that the ALJ failed to consider and discuss his employment history in rendering a determination as to his credibility.  Specifically, the ALJ found that Plaintiff "is not a fully credible witness, particularly as to his pain and the extreme limitations he complained of."  (R. at 22).  At the hearing before ALJ Zahm, Plaintiff testified that his pain was a seven on a scale of one to ten when he was standing and a three or four when he was off of his feet.  (R. at 17).  Plaintiff described a burning, stabbing, shooting pain in his lower back, which occasionally shoots up to the middle of his back.  (R. at 17).  Plaintiff further testified that if he twists or bends, the pain can last for two days and he has to be off of his feet.  (R. at 17).  Moreover, Plaintiff testified that he has a constant burning sensation in his pelvis and groin, which keeps him from walking for long distances.  (R. at 17).  According to his testimony, Plaintiff experiences back spasms, which are triggered by simple acts such as pushing a car door, reaching, or putting too much weight on his left foot.  (R. at 17).  Finally, Plaintiff testified that he used a walker almost every day since his 1998 back surgery.  (R. at 17).

      "A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability."  Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec'y of Health, Educ. and Welfare, 623 F.2d 217, 219 (2d Cir. 1980)); see also Maggio v. Heckler, 588 F. Supp. 1243, 1246 (W.D.N.Y. 1984); Patterson v. Chater, 978 F. Supp. 514, 519 (S.D.N.Y. 1997); Nelson v. Barnhart, No. 01-Civ-3671, 2003 WL 1872711, at *7 (S.D.N.Y. April 10, 2003).  This is because a claimant with an established history of employment is unlikely to be "feigning disability."

Patterson, 978 F. Supp. at 519. Accordingly, as courts in the Second Circuit have acknowledged, an ALJ's failure to consider a claimant's work history in an evaluation of his or her credibility is "'contrary' to the law in this circuit and the SSA's rulings." Pena v. Barnhart, No. 01 Civ. 502, 2002 WL 31487903, at *13 (S.D.N.Y. Oct. 29, 2002) (quoting Montes-Ruiz v. Charter, 129 F.3d 114 (Table) (2d Cir. 1997)).

In the present case, it appears that Plaintiff has an excellent work history for a younger individual. Prior to being injured, Plaintiff worked for Dunlop Tire Company for approximately 9 years from October 1988 through May 1997. (R. at 50, 349-51). Prior to that time, Plaintiff worked for Pratt & Lambert, a paint company, for half a year, and for McDonald's for five years. (R. at 351-52). Given that Plaintiff was only thirty-one years old when he was injured, this Court finds that a fourteen year work history is sufficiently lengthy to warrant the ALJ's consideration. In the view of this Court, Plaintiff's work history suggests that he is not the type of Social Security claimant who would feign disability. Patterson, 978 F. Supp. at 519.

Under the circumstances, the ALJ was required to afford "substantial credibility" to Plaintiff's claim that he is unable to work because of his disability or specifically state in her decision why Plaintiff was not credible despite his work history. Rivera, 717 F.2d at 725. However, the ALJ neither discussed Plaintiff's work history, nor indicated what weight, if any, she afforded it in determining whether his complaints of pain or physical restrictions were credible.[3] The ALJ's failure to afford substantial deference to Plaintiff's testimony regarding his pain and physical limitations clearly impacted her ultimate determination that Plaintiff was not disabled under the Act. That is, the ALJ's conclusions regarding Plaintiff's exertional impairments, his ability to ambulate, and his residual functional capacity were

---

[3]Beyond noting that Plaintiff has past relevant work experience as a plant worker (R. at 16, 24), the ALJ did not discuss Plaintiff's work history.

6

necessarily informed by her disbelief of Plaintiff's testimony regarding his debilitating pain and extreme physical limitations.  If the ALJ afforded substantial credibility or even favorable credibility to Plaintiff's testimony, she may have reached a different conclusion with respect to Plaintiff's ability to make a vocational adjustment to other work.

Based on the foregoing, this Court finds that ALJ Zahm's credibility determination does not comply with the governing case law.  Because the ALJ's credibility finding is legally deficient, this Court will remand this case to allow the ALJ to properly consider Plaintiff's work history and afford it the weight required by law.

11. In addition to challenging the ALJ's failure to consider his work history, Plaintiff also argues that: (1) the ALJ's conclusion regarding Plaintiff's musculoskeletal deficits and her representations regarding what kind of work Drs. Moreland and Geraci believed Plaintiff could perform are not supported by the record; and (2) Plaintiff's impairment medically equals the listed impairments. Because this case is being remanded based on the deficiency of the ALJ's credibility determination, this Court will not address these remaining arguments at this juncture.  However, the ALJ is directed to consider Plaintiff's additional arguments on remand, after re-evaluating the credibility of Plaintiff's testimony and affording  proper consideration to his past employment.

12. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision.  Plaintiff's Motion for Summary Judgment is therefore granted.  Defendant's Motion for Judgment on the Pleadings is denied.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:  September 27, 2006
        Buffalo, New York

                                           /s/William M. Skretny
                                           WILLIAM M. SKRETNY
                                           United States District Judge